IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DAVID BENNETT,

                Plaintiff,

v.                              CIVIL ACTION NO. 2:23-cv-00312

WEST VIRGINIA DIVISION OF CORRECTION
AND REHABILITATION, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant West Virginia Division of Corrections and Rehabilitation's ("WVDCR") unopposed Motion to Dismiss. (ECF No. 5.) For the reasons discussed herein, the motion is **GRANTED**.

                *I.*    *BACKGROUND*

This 42 U.S.C. § 1983 action arises out of an alleged altercation between Plaintiff David Bennett ("Plaintiff"), Defendant C.O. Snyder ("Snyder"), and other unnamed correctional officers ("John Does") while Plaintiff was incarcerated at Southern Regional Jail. According to the Complaint, Plaintiff and Defendant Snyder engaged in an argument because Plaintiff was denied a shower and requested to speak to a supervisor. (ECF No. 1-1 at 3, ¶ 8.) Plaintiff alleges that Defendant Snyder then "hip tossed" and knocked Plaintiff to the ground, kneed Plaintiff's head, and kicked and punched Plaintiff's head and body. (*Id.*) Plaintiff also states that Defendants

John Does joined Defendant Snyder in the beating, even though Plaintiff was not a threat to himself, the defendant officers, or state property at the time. (*Id.*) As a result of this alleged beating, Plaintiff claims that he suffered "severe pain and headaches, bruising and a broken tooth." (*Id.*)

Plaintiff further alleges that he attempted to follow Defendant WVDCR's inmate grievance policy by filing out a paper form as well as using a kiosk. (*Id.* at 6, ¶ 20.) However, he asserts that he only received a paper form "[a]fter approximately 45 days" and "repeated requests," and never received responses from either the kiosk or paper filings. (*Id.*) Plaintiff further believes that the grievances were thrown away, based on comments made by various correctional officers. (*Id.*)

Plaintiff filed this civil action in the Circuit Court of Kanawha County, West Virginia, on December 22, 2022. (*See generally id.*) The Complaint asserts three causes of action: (1) violation of the Eighth Amendment under 42 U.S.C. § 1983, (2) "Outrageous Conduct" under West Virginia law, and (3) "Violation of Rules/Policy and Procedure/Vicarious Liability." (*Id.* at 4–7.) The third cause of action states that Defendant WVDCR is liable "for the acts of the [correctional officers] that refused to respond to [his] kiosk grievance," their "refusal to provide paper grievance forms," "for throwing grievances in the trash," and "the other conduct set forth herein." (*Id.* at 6–7, ¶¶ 21–22.)

Defendants Synder and WVDCR removed this action to federal court on April 5, 2023. (ECF No. 1.) Defendant WVDCR filed the pending Motion to Dismiss on May 12, 2023. (ECF No. 5.) Plaintiff never filed a response. As such, this motion is fully briefed and ripe for adjudication.

2

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim upon which relief may be granted tests the legal sufficiency of a civil complaint. Fed. R. Civ. P. 12(b)(6). A plaintiff must allege sufficient facts, which, if proven, would entitle him to relief under a cognizable legal claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007). A case should be dismissed if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. In applying this standard, a court must utilize a two-pronged approach. First, it must separate the legal conclusions in the complaint from the factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Second, assuming the truth of only the factual allegations, the court must determine whether the plaintiff's complaint permits a reasonable inference that "the defendant is liable for the misconduct alleged." *Id.* Well-pleaded factual allegations are required; labels, conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) ("Bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." (quoting *Iqbal*, 556 U.S. at 679)). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," thereby "nudg[ing] [the] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

## III. DISCUSSION

Although there are no substantive allegations of conduct by Defendant WVDCR set forth in the Complaint, (*see generally* ECF No. 1-1), Count Three seems to assert that Defendant WVDCR is vicariously liable under all three causes of action, (*see id.* at 6–7, ¶¶ 21–22 (claiming

3

that Defendant WVDCR is liable for "the other conduct set forth herein" under "a theory of vicarious liability/*respondeat superior*").)  Nevertheless, Defendant WVDCR moves to dismiss all claims asserted against it because it cannot be held vicariously liable for its correctional officers' alleged conduct.  (ECF No. 5.)  For Counts One and Three, Defendant WVDCR argues that Plaintiff cannot assert a § 1983 claim against it.[1]  (*Id.* at 4, 7–8.)  For Count Two, Defendant WVDCR claims that Plaintiff has failed to state a claim for vicarious liability under West Virginia law.  Each argument is discussed in turn.

    A.  Section 1983

Defendant WVDCR argues that it is not a "person" that can be sued under § 1983.  (ECF No. 5 at 4.)  Defendant WVDCR also contends that it cannot be held liable under a theory of vicarious liability under § 1983.  (*Id.* at 5, 7.)  Plaintiff conceded these arguments, *see Fields*, 576 F. Supp. 3d at 408, which are correct reiterations of the law.

Section 1983 establishes that any "person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law[.]"  42 U.S.C. § 1983.  Importantly, neither a state nor "public entities and political subdivisions" that are an "arm or alter ego" of a state are "persons" under § 1983.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Maryland Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir. 2005).  To that extent, there is "no question" that the WVDCR

---

[1] The Court notes that it is unclear what theory of law Plaintiff is asserting under Count Three.  (*See* ECF No. 1-1 at 6–7, ¶¶ 19–22); *see also* ECF No. 5 ("Plaintiff has failed to plead exactly what type of claim he is even alleging here.").)  However, Defendant WVDCR proceeds under the assumption that Plaintiff is asserting another claim under 42 U.S.C. § 1983, (ECF No. 5 at 7), and Plaintiff did not respond to this argument, thereby conceding it, *see Fields v. King*, 576 F. Supp. 3d 392, 408 (S.D. W. Va. 2021) (Johnston, C.J.).

is not a "person" within the meaning of § 1983. *Dorsey v. Bolen*, No. 2:21-CV-00222, 2021 WL 4993950, at *3 (S.D. W. Va. Oct. 27, 2021) (Johnston, C.J.) (collecting cases). Further, there is no *respondeat superior* liability for state agencies based on claims against its officers § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Therefore, any § 1983 claim against Defendant WVDCR fails.

Accordingly, Defendant WVDCR's Motion to Dismiss is **GRANTED** as to Counts One and Three.

   B.  *Outrageous Conduct*

Count Two asserts a claim for outrageous conduct, (ECF No. 1-1 at 5–6, ¶¶ 15–18), also known as intentional infliction of emotional distress under West Virginia law, *see Hines v. Hills Dep't Stores, Inc.*, 454 S.E.2d 385, 389 (W. Va. 1994). Specifically, Plaintiff claims that "Defendants knew that striking [him] . . . would cause [him] severe emotional distress," (ECF No. 1-1 at 6, ¶ 17), and that Defendant WVCDR is vicariously liable for this conduct, (*see id.* at 6–7, ¶¶ 21–22).

Under West Virginia law, for an employer to be vicariously liable for the acts of an employee, the acts must have been committed within the scope of the employment or within the employee's authority. *W. Va. Reg'l Jail & Corr. Facility Auth. v. A.B.*, 766 S.E.2d 751, 768 (W. Va. 2014). Factors relevant to this inquiry include whether the conduct is "1) of the kind he is employed to perform; 2) occurs within the authorized time and space limits; 3) it is actuated, at least in part, by a purpose to serve the master, and; 4) if force is used, the use of force is not unexpectable by the master." *Id.* at 769 (quoting Restatement (Second) of Agency § 228 (1958) (emphasis omitted)). While this determination is ordinarily a question of fact, it becomes a

question of law when "the facts are undisputed and no conflicting inferences are possible." *Id.* at 768 (quoting *Mary M. v. City of Los Angeles*, 814 P.2d 1341, 1347 (Cal. 1991)).

In this case, Defendant WVDCR argues that it cannot be held vicariously liable because the alleged intentional wrongful acts—if committed—were done outside the scope of the correctional officers' employment. (ECF No. 5 at 5–7.) Plaintiff concedes this argument, *see Fields*, 576 F. Supp. 3d at 408, with which the Court agrees. "Courts have consistently and repeatedly found that conduct similar to that alleged here are intentional tortious acts that 'do not fall within the scope of employment.'" *Dorsey*, 2021 WL 4993950, at *5 (collecting cases). Plaintiff has alleged intentional tortious acts, which are not of the sort Defendant Snyder or Defendants John Does were employed to perform, cannot serve any justifiable purpose of the WVDOC, and are unexpectable by WVDOC. *Id.* Plaintiff's allegations that this act was committed within the scope of employment, (*see* ECF No. 1-1 at 2, ¶ 2) is a legal conclusion, which the Court cannot and does not accept at this stage, and one that cannot save the dismissal of this claim. *Id.*

Therefore, Defendant WVDCR's Motion to Dismiss is **GRANTED** as to Count Two.

IV. *CONCLUSION*

For these reasons, Defendant WVDCR's Motion to Dismiss, (ECF No. 5), is **GRANTED**. Defendant WVDCR is therefore **DISMISSED** from this action **WITH PREJUDICE**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 5, 2023

_____
THOMAS E. JOHNSTON, CHIEF JUDGE

7